IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLY GELABERT                                                                    PLAINTIFF

v.                                    CIVIL NO. 21-cv-5101

KILOLO KIJAKAZI,[1] Acting Commissioner                     DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Kelly Gelabert, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff protectively filed her application for DIB on May 30, 2019. (Tr. 15). In her applications, Plaintiff alleged disability beginning on March 20, 2014, due to daily migraines, fibromyalgia, endometriosis, central vestibular disorder, depression, anxiety, back pain due to L5-S1 degeneration and protrusion, and neuropathy in her right thigh.  (Tr. 15, 271). An administrative hearing was held on September 23, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 11, 38–79).

On October 8, 2020, the ALJ issued an unfavorable decision. (Tr. 12–37).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

impairments that were severe: migraines, headaches, fibromyalgia, degenerative joint disease, chronic pain syndrome, cervical and lumbar degenerative disc disease. (Tr. 17–21). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21–23). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. § 404.1567(b) except she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She could never climb ladders, ropes, or scaffolds. She could not work at unprotected heights, near dangerous moving machinery, in loud noise above level 3, or in vibration. She could have no exposure to extreme cold, heat, humidity, or wetness. She could have no concentrated exposure to environmental irritants. (fumes, dusts, gases, odors), or poorly ventilated areas.
> (Tr. 22–29).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform her past relevant work as a nurse in the neonatal intensive care unit (NICU), and could alternatively perform the representative occupations of cashier, administrative support clerk, and sorter. (Tr. 29–30). The ALJ found Plaintiff was not disabled from March 20, 2014, through September 30, 2017, the date last insured. (31).

Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 18, 19).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th

Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given Plaintiff's age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final step is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520.  While the burden of production shifts to the

Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

### III.     Discussion

Plaintiff raises the following on appeal: 1) whether the ALJ erred in failing to adopt functional restrictions regarding Plaintiff's migraines, headaches, fibromyalgia, and medication side effects from these conditions, which were determined to be severe impairments; 2) whether the ALJ erred in her assessment that Plaintiff's testimony was inconsistent with the record;  3) whether the ALJ erred by failing to support the adopted RFC with substantial evidence, providing inaccurate hypothetical to the VE; and 4) whether the ALJ's findings regarding Plaintiff's mental health impairments were supported by substantial evidence. (ECF No. 15).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue,* 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an

ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

In this case, the ALJ did not give weight to any opinion evidence. (Tr. 28). The ALJ found the opinion of Plaintiff's treating physician, Megan Busch, MD, unpersuasive as Dr. Busch began treating Plaintiff in October 2019 which was over two years after the date last insured. State agency disability examiners for both physical and mental impairments found there was insufficient functional information to make a determination for the relevant time period. (Tr. 88, 89). While the ALJ did not err in discounting Dr. Busch's opinion, as it did not indicate that she reviewed Plaintiff's medical records for the relevant time period but rather offered her opinion based upon Plaintiff's condition beginning in October of 2019. (Tr. 1565). However, the ALJ did not rely upon any evidence showing her ability to function in the workplace, and thus erred in failing to properly develop the record.

On remand, the ALJ is directed to address interrogatories to appropriate experts to consider bother physical and mental impairments, requesting that said experts review all of Plaintiff's medical records; complete RFC assessments regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.     Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 8th day of June 2022.

*s/ Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE
