IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLY J. GELABERT                                                                         PLAINTIFF

v.                                      CIVIL NO. 21-5101

KILOLO KIJAKAZI, Commissioner
Social Security Administration                                                           DEFENDANT

**ORDER**

Plaintiff, Kelly J. Gelabert, appealed the Commissioner's denial of benefits to this Court. On June 8, 2022, the undersigned issued a judgment reversing and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 20, 21).

**1.   Background**

On September 9, 2022, Plaintiff filed a motion seeking an award of $5,300.00 in legal fees and postage costs of $21.48 under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 22). Plaintiff styles the Motion as "unopposed" and attaches Exhibit D, an email exchange between counsel for Plaintiff and counsel for Defendant, evidencing Defendant's lack of objection to Plaintiff's request for attorneys' fees at the rate of $200 per hour for 26.5 hours plus postage costs of $21.48. (ECF No. 22-4).

**2.   Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial

proceeding below was substantially justified."). An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per

hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39,[1] which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

**3.      Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration, (ECF No. 21), and Defendant does not challenge that Plaintiff is the prevailing party. The Court finds that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff's fee request seeks compensation for 26.5 hours (reduced from the actual number of hours expended) of legal work during 2021-2022 at the hourly rate of $200 and reimbursement of $21.48 in postage expenses. Attorney rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $206 for 2021 and $221 for legal work conducted in 2022. However, the Court's standard practice in these matters is to award fees at the hourly rate requested by counsel where the requested rate does not exceed the authorized rate. For that reason, the Court will award Plaintiff legal fees at the hourly rate of $200 for legal work performed by counsel during 2021-2022. Defendant has evidenced it has no objection to the hourly rate of $200 or the number of hours

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2020 – 247.289 x 125 divided by 152.4 (March 1996 CPI – South) = $202.82/hour ~ $203.
2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.
2022 – 269.263 x 125 divided by 152.4 (March 1996 CPI – South) = $220.85/hour ~ $221.

claimed (26.5) by Plaintiff. The Court has completed its independent review of counsel's itemized statement and finds the fees sought were reasonably expended in obtaining Plaintiff's relief. Based on the foregoing, the undersigned will award Plaintiff an EAJA attorney's fees award for work performed by Plaintiff's counsel during 2020-2021 at the hourly rate of $200 for legal work (26.5 hours) and postage expenses of $21.48 for a total award to Plaintiff of **$5,321.48.  Plaintiff's award of fees should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.** Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant but may be mailed to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

      IT IS SO ORDERED this 6th day of September 2022.


                                        *Christy Comstock*
                                    CHRISTY COMSTOCK
                                    UNITED STATES MAGISTRATE JUDGE